April 12, 1996
 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT

 

No. 95-2099

 TIMOTHY DAVIS,

 Plaintiff, Appellant,

 v.

 MASSACHUSETTS STATE LOTTERY COMMISSION
 and DANIEL KINNEY,

 Defendants, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Nancy Gertner, U.S. District Judge] 

 

 Before

 Lynch, Circuit Judge, 

 Aldrich and Bownes, Senior Circuit Judges. 

 

John A. Morrissey with whom Law Offices of James C. Gahan, Jr. 
was on brief for appellant.
Marie St. Fleur, Assistant Attorney General, with whom Scott 
Harshbarger, Attorney General, was on brief for appellees. 

 

 

 Per Curiam. Plaintiff-appellant Timothy Davis, an 

employee of the Massachusetts State Lottery Commission, sued

the Commission and Daniel Kinney, his supervisor, for

violation of civil rights, racial discrimination, infliction

of emotional distress, and improper layoff, stemming from his

dismissal by the Commission on May 1, 1991.1 Defendants

moved to dismiss for failure to state a claim upon which

relief could be granted. The court granted the motion, but

later allowed plaintiff's Motion for Reconsideration,

permitting him to file an amended complaint adding a count

(Count VI) seeking compensatory and punitive damages for

violation of his federally protected rights after November

21, 1991, the date of the Civil Rights Act of 1991, 42 U.S.C.

 1981a(b)(1). In due course, defendants moved for summary

judgment on all claims. This motion, also, was granted,

incorporating, but simply by reference, the court's earlier

Memorandum and Order. We affirm.

 The obligatory appendix which plaintiff filed for

this appeal totally disregards Federal Rule of Appellate

Procedure 30. Except for a copy of Count VI, none of the

required items is present. Instead are some 60 pages,

largely memoranda of law filed in the district court. These

the Rule expressly forbids. FRAP 30(a). Nor does reference

to such filings meet brief requirements. FRAP 28. We will

  

1. Following arbitration, the improper layoff was corrected.

 -2-

not consider them. Plaintiff did attach to his appellate

brief the court's Memorandum and Decision granting summary

judgment for defendants on Count VI, but failed to include

anywhere the court's earlier memorandum dismissing Counts I-

V. FRAP 30(a)(3).

 In granting defendants' motion for summary

judgment, the court set the course for plaintiff's appeal:

"I find that he has failed to meet his burden of establishing

a prima facie case of unlawful discrimination after November

21, 1991." Plaintiff's filings do not enable us to find

otherwise. The (very) occasional references in his brief to

alleged evidence of continuing discrimination after his

reinstatement consist of cryptic allusions to: "Davis Depo.";

"A copy of his affidavit in this regard is annexed hereto."

(It was not); "Kelly Depo., p. 38-51" (also not included in

the appendix); and "Memorandum in Support of Opposition to

the Motion for Summary Judgment . . . pages 12 through 16."

Finally, in an attempt to rebut the court's exposition of how

he failed to make out a prima facie case on Count VI, 

plaintiff points to his amended complaint as "establish[ing]

genuine issues of material fact which render summary judgment

inappropriate." He states he has "detailed harassment,

retaliation, and continuing acts of discrimination by

Defendants," without reference to the record other than the

complaint. In lieu, "Davis respectfully refers to pages 16

 -3-

through 19 of his Memorandum," which, as already noted, was

improperly filed.

 All this is meaningless. Fundamentally, without

specific facts, the non-moving party (plaintiff) "may not

rest upon the mere allegations of [its] pleading" to defend

against summary judgment for the defendant. Fed.R.Civ.P.

56(e). Ramsdell v. Bowles, 64 F.3d 5, 11 (1st Cir. 1995). 

Plaintiff presents neither facts nor law to make out a case.

 This is an extraordinary waste of time. The appeal

is dismissed on the opinion below.

 -4-